UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Geron S.,[1]

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

23-CV-6191-LJV
DECISION & ORDER

---

On April 4, 2023, the plaintiff, Geron S. ("Geron"), brought this action under the Social Security Act ("the Act"). Docket Item 1. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] *Id.* On June 30, 2023, Geron moved for judgment on the pleadings, Docket Item 4; on August 30, 2023, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 9; and on September 12, 2023, Geron replied, Docket Item 10.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Geron applied for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). One category of persons eligible for DIB includes any adult with a disability who, based on his quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989). SSI, on the other hand, is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both DIB and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court grants Geron's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"'Substantial evidence' means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

**I.     THE ALJ'S DECISION**

On February 1, 2022, the ALJ found that Geron had not been under a disability since his alleged onset date of January 1, 2019. *See* Docket Item 3 at 27. The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a), 416.920(a). *See id.*

At step one, the ALJ found that Geron had not engaged in substantial gainful activity since January 1, 2019, the alleged onset date. Docket Item 3 at 21. At step two, the ALJ found that Geron suffered from three severe, medically determinable impairments: "scoliosis, status-post posterior spinal fusion surgery at T3-L3 for adolescent scoliosis, and myofascial back pain." *Id.* at 22.

At step three, the ALJ found that Geron's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. More specifically, the ALJ found that Geron's physical impairments did not meet or medically equal listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root). *Id.*

The ALJ then found that Geron had the residual functional capacity ("RFC")[4] to "perform sedentary work" except that Geron "requires a sit/stand option that allows him to change positions between sitting and standing every fifteen minutes." *Id.* at 22-23. And at step four, the ALJ found that Geron had no past relevant work. *Id.* at 26. But given Geron's age, education, and RFC, the ALJ found at step five that Geron could perform substantial gainful activity as a document preparer or a nut sorter. *Id.* at 27; *see Dictionary of Occupational Titles ("DOT")* 249.587-018, 1991 WL 672349 (Jan. 1, 2016); *id.* at 521.687-086, 1991 WL 674226 (Jan. 1, 2016). The ALJ therefore found that Geron had not been under a disability or entitled to SSI and DIB since his application was filed on May 24, 2019. *See* Docket Item 3 at 27.

## II.   ALLEGATIONS

Geron argues that the ALJ did not meet his step-five burden of showing that significant jobs exist in the national economy that Geron can perform. Docket Item 4 at 7. More specifically, Geron argues that the jobs about which the vocational expert ("VE") testified—a document preparer and a nut sorter—do not exist in significant numbers in the national economy. *Id.* at 8-11. This Court agrees and therefore remands the matter to the Commissioner.

---

[4] A claimant's RFC is the most he "can still do despite [his] limitations . . . in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

**III.     ANALYSIS**

A claimant is disabled unless work "exists in significant numbers in the national economy" that the claimant can perform.  20 C.F.R. § 404.1560(c)(2).  "Within the Second Circuit, courts have refused to draw a bright line standard for the minimum number of jobs required to show that work exists in significant numbers, but courts have adopted a relatively low threshold number."  *Harper v. Berryhill,* 2017 WL 3085806, at *15 (D. Conn. July 20, 2017).  Here, the ALJ found that Geron was not disabled because he could perform the work necessary to be a document preparer or a nut sorter.

Geron first argues that the ALJ's conclusion was incorrect "because the document preparer job has been found obsolete."  Docket Item 4-1 at 8.  For that reason, Geron says, "it was improper for the VE to testify to this job and for the ALJ to rely on them [sic] in finding that significant number of jobs exist that [Geron] can perform.  *Id.* at 9.

As Geron correctly notes, several courts have recently found that the job of "document preparer" has been rendered obsolete by computers.  *See, e.g., Zacharopoulos v. Saul,* 516 F. Supp. 3d 211, 223 (E.D.N.Y 2021) (collecting cases) ("This [c]ourt is not the first to express dissatisfaction about the Commissioner's reliance on vocational expert testimony on plainly obsolete positions, including the microfilm document preparer position."); *Corey S. v. Comm'r of Soc. Sec.,* 2021 WL 2935917, at *10 (N.D.N.Y. July 13, 2021) (collecting cases) ("[A]n increasing number of courts have recognized the obsolete nature of the document preparer position and remanded for further administrative proceedings where there is no record evidence of other jobs existing in significant numbers that a plaintiff can perform."); *Kiiroja v. Comm'r of Soc.*

5

*Sec.,* 525 F. Supp 3d 412, 413 (E.D.N.Y. Mar. 11, 2021) ("Once again, the Court finds that the [document preparer position] is obsolete, and again rejects the ALJ's unblinking acceptance of conclusory opinions by [the] vocational expert."); *Feuer v. Saul,* 2019 WL 9042872, at *1 (E.D.N.Y. Aug. 30, 2019), report and recommendation adopted, 2020 WL 1316528 (E.D.N.Y. Mar. 20, 2020) (noting that the VE's testimony that nearly 2.8 million individuals nationally are engaged in the document preparer position was highly troubling).

In reaching that conclusion, one district court called the position of document preparer "comically out of date" and noted that "[t]he definition for document preparer refers to preparing documents for microfilm, a lost art perhaps still practiced by a few Luddites and anachronistic librarians." *Pamela H. v. Kijakazi*, 2021 WL 4307457, at *6 (citing DICOT 249.587-018 (G.P.O.), 1991 WL 672349 (Jan. 1, 2016)).  Recent VE testimony in this Court likewise supports the conclusion that the job of a document preparer is "obsolete." *Jaret B. v. Comm'r of Soc. Sec.,* 2024 WL 1014051, at *5 (W.D.N.Y. March 8, 2024) ("The ALJ even offered two jobs of his own (surveillance system monitor and document preparer), to which the VE testified that the jobs were obsolete and no longer existed.").  So this Court agrees with Geron that the position of document preparer no longer exists in significant enough numbers to support the ALJ's step-five finding.

The ALJ also found that Geron could perform the work of a nut sorter, but as Geron correctly observes, Docket Item 4-1 at 8, "the VE testified that only 1,500 nut sorter jobs are available in the national economy."  *See* Docket Item 3 at 54.  That number is far less than what courts in this District have found to be work that "exists in

6

significant numbers in the national economy." *See Jessica V. v. Comm'r of Soc. Sec.,* 2022 WL 737470, at *4-5 (W.D.N.Y. Mar. 11, 2022) (finding that 8,452 jobs nationally were insufficient to show that work exists in significant numbers in the national economy); *Peach v. Berryhill,* 2018 WL 4140613, at *9 (W.D.N.Y. Aug. 30, 2018) (8,991 positions nationally did not qualify as a significant number of jobs). So the nut sorter job cannot salvage the ALJ's conclusion at step five.[5]

The Commissioner asserts that the DOT "remains the primary source for information as to work in the national economy" and seems to suggest that because document preparer and nut sorter are included as jobs in the DOT, they necessarily are jobs that exist in significant numbers in the national economy. *See* Docket Item 9 at 7-9. More specifically, the Commissioner argues that "district courts throughout the nation have acknowledged that the DOT [is] a reliable source of vocational information" and that Geron's argument that "the DOT is outdated" therefore "is not persuasive." *Id*. at 7-

---

[5] What is more,"[c}ourts have remanded" even when ALJs have correctly found national economic job numbers [to be] significant but have failed to elicit testimony regarding the underlying regional job numbers." *Spellman v. Comm'r of Soc. Sec.,* 2023 WL 5350845, at *13 (E.D.N.Y. Aug. 21, 2023) (citing *Wayne M. v. Saul,* 2021 WL 1399777, at *16-17 (D.Conn. Apr. 14, 2021) (remanding after concluding that 8,000 national jobs were insignificant, particularly where such numbers were not accompanied by any regional or local availability (internal quotation marks omitted)). "Although courts have generally found no requirement to adduce evidence regarding local or regional job numbers where there is significant evidence that the numbers in several regions of the country are sufficient, such local or regional numbers have been found to be important where the national numbers are insufficient to sustain the Commissioner's burden." *James D. v. Comm'r of Soc. Sec.,* 2022 WL 958525 (N.D.N.Y. Jan. 7, 2022) (internal quotation marks and citations omitted). Here, the ALJ failed to elicit any testimony regarding the number of these jobs locally or regionally. *See Annemarie B. v. Comm'r of Soc. Sec.,* 2024 WL 758821, at *6 (N.D.N.Y. Feb. 5, 2024) (remanding for further development of the record because the ALJ failed to sufficiently determine whether there are significant numbers of jobs that [p]laintiff can perform in the local, regional, or national economy and inquire further about any additional jobs plaintiff' can perform that courts have not considered) (internal quotation marks and citations omitted).

8.  But simply because a job is included in the DOT does not mean that the job will exist in significant numbers for eternity.  And as noted above, numerous courts have reached the commonsense conclusion that as microfilm and microfiche have been replaced by computers, jobs of preparing documents for microfilm and microfiche have disappeared.  *See Scott P v. Kijakazi,* 2024 WL 757081, at *15 (N.D. Conn. Feb. 23, 2024) ("Both of the sedentary positions identified by Ms. Vasishth (addresser and document preparer) and defined by the DOT have been found–either by the SSA itself, or by other courts–to be obsolete"); *Lamont v. Comm'r of Soc. Sec.,* 2021 WL 5084060 (E.D.N.Y. Nov. 2, 2021) ("Plaintiff's common[]sense point is that virtually nobody uses microfilm anymore since the advent of digital data, and although there are likely a few people who use paper cutters, photocopying machines, and rubber stamps in their jobs, they are not using those devices to prepare documents for microfilming–at least not in any significant numbers."); *Bowles v. Colvin*, 2015 WL 1129173 (N.D. Ind. Mar. 11, 2015) (Noting particular concern that the "document preparer [position] seem likely to have changed or disappeared in the 37 years given new document storage methods"); *Kordeck v. Colvin,* 2016 WL 675814, at *9 (N.D. Ind. Feb. 19, 2016) (Describing the document preparer position as one of several "jobs that have been reduced significantly in number if not rendered obsolete by the rise of the internet").

    In sum, both jobs on which the ALJ relied—document preparer and nut sorter—fail to support his step-five conclusion for different reasons: the job of document preparer is obsolete, and the job of nut sorter does not exist in significant enough numbers in the national economy.  *See Wood v. Berryhill,* 2017 WL 6419313, at *2 (W.D. Wash. Nov. 17, 2017) ("[T]he positions of document preparer and nut sorter do

8

not exist in significant numbers in the national economy."). For that reason, the ALJ's step-five finding is flawed and remand is required.

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 9, is DENIED, and Geron's motion for judgment on the pleadings, Docket Item 4, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   May 2, 2024
         Buffalo, New York

                                              *Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE